MEMORANDUM **
Li Song and her husband Zhiwei Han, both natives of China, petition for review *628 of an order of the Board of Immigration Appeals (BIA) dismissing Li Song’s appeal from an immigration judge’s (IJ) denial of her application for asylum and withholding of removal. Li Song claims Zhiwei Han as a derivative beneficiary of her application. The IJ denied Song’s claims after concluding, among other things, that she was not credible. We have jurisdiction pursuant to 8 U.S.C. § 1252.
Where, as here, the BIA reviewed the IJ’s decision for clear error, we “look to the IJ’s oral decision as a guide to what lay behind the BIA’s conclusion. In so doing, we review ... the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ’s oral decision in support of those reasons.” Tekle v. Mukasey, 533 F.3d 1044, 1051 (9th Cir.2008).
We review adverse credibility determinations under the substantial evidence standard, Soto-Olarte v. Holder, 555 F.3d 1089, 1091 (9th Cir.2009), and for applications for asylum filed on or after May 11, 2005, we apply the REAL ID Act’s standards governing adverse credibility determinations. In REAL ID Act cases, immigration judges may consider “all relevant factors” and may consider inaccuracies or falsehoods regardless of whether they “go[ ] to the heart of the applicant’s claim.” See 8 U.S.C. § 1158(b)(l)(B)(iii) (specifying the standard for credibility determinations for asylum claims) and 8 U.S.C. § 1231(b)(3)(C) (adopting the same for withholding of removal). Nevertheless, immigration judges must still “provide specific and cogent reasons in support of an adverse credibility determination” and consider the “totality of the circumstances.” Shrestha v. Holder, 590 F.3d 1034, 1044-1045 (9th Cir.2010).
We find that the IJ provided specific, cogent reasons in support of his adverse credibility determination and that his conclusion that Song’s testimony lacked credibility was supported by substantial evidence. Song’s application for asylum, which was her second, claimed that she was subjected to a coerced abortion in her native country. Yet, as the IJ described in his oral decision, among other problems with her testimony, Song failed to consistently recall when she was pregnant and underwent the abortion; gave inconsistent answers about whether she consulted a doctor prior to her alleged abortion; gave inconsistent answers about who assisted her in completing her asylum application; and contradicted a statement made in connection with her first asylum application regarding where she was allegedly arrested for her Christian beliefs. Under the broad permissible standards of the REAL ID Act, and given the totality of the circumstances in this case, it was not improper for the BIA and IJ to rely on these inconsistencies to find Song not credible.
In the absence of credible testimony, Song’s asylum and withholding of removal claims fail. Id. at 1048.
The petition for review is DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.